515 A.2d 369

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* James McGraw, Appellee.

Submitted on briefs March 11, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Michael R. Deckman,* Deputy Chief Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Michael D. Foglia,* for appellee.

OPINION BY JUDGE BARRY, September 29, 1986:

This is an appeal by appellant, Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) from an order of the Allegheny County Court of Common Pleas reversing an order by DOT suspending the license of appellee, James McGraw. The trial court order also reinstates appellee's license. We remand.

Appellee was arrested on August 5, 1983, after Pittsburgh police observed him driving his car with no lights on. When asked to step out of his car, he stumbled, staggered and fumbled with his wallet while attempting to produce his driver's license. At that point, appellee was transported to the police station where he was requested and agreed to submit to a breathalyzer test. Appellee did not breathe with enough force to register a reading on the breathalyzer test. His failure to

register a reading was considered tantamount to a refusal to submit to a breathalyzer and his license was suspended for one year pursuant to Section 1547(b) of the Vehicle Code (Code), Act of December 15, 1982, P.L. 53, *as amended*, 75 Pa. C. S. §1547(b). On appeal to the trial court appellant testified in relevant part, as follows:

> The only thing that I said was that I tried to be as cooperative as I could and I tried to take the test. I do have one bad nostril, and I can't breath [sic] through the nose, and I did everything I could not to give them a hard time. I didn't realize I would still wind up losing my license. I tried my best. That's all I can say. I didn't try to give them no arguments.

The trial court found that "appellant was not made aware as required that a refusal to submit to the breathalyzer would result in the suspension of his operating privileges for the period of one year" and sustained the appeal. The opinion fails to set forth specifically on what grounds the court based its conclusion that appellant was not properly warned. The appellee's testimony is weak, at best, raising the issue of the propriety of the warnings only inferentially. The officers, on the other hand, testified clearly that they properly administered the statutory warnings. Yet, the court, in arriving at its conclusion, makes no specific finding concerning the officers' credibility.

We remand with direction to the trial court to provide a specific analysis of the basis of its conclusion that appellee was denied the required warnings.

ORDER

Now, September 29, 1986, this matter is remanded to the Allegheny County Court of Common Pleas for proceedings consistent with this opinion, including, if necessary, the taking of additional testimony.

Jurisdiction relinquished.